UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA MARIE T.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-1192-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the medical opinion evidence. (Dkt. # 10.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1966, has a high school education, and has worked as a clerk in the retail industry. AR at 204, 209. Plaintiff was last gainfully employed in 2004. *Id.* at 209.

ORDER - 1

On February 19, 2016, Plaintiff applied for benefits, alleging disability as of January 1, 2015.[1] AR at 25. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 134-37. After the ALJ conducted a hearing on December 26, 2017, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 25-44. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

---

[1] Supplemental Security Income benefits are not payable prior to the application date. 20 C.F.R. §§ 416.305, 416.330.

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Plaintiff argues the ALJ erred in failing to address certain social limitations opined by State Agency psychological consultants and Dr. Bowes. (*See generally* Dkt. # 10.) Plaintiff argues the ALJ's alleged error is not harmless because the limitations were not incorporated into the RFC determination and therefore not included in the hypothetical question posed to the vocational expert ("VE"). (*Id.* at 6.) The relevant portion of the RFC determination that Plaintiff argues is at odds with the opined social limitations is the following:

> [Plaintiff] can cope with occasional work setting changes and occasional interaction with supervisors. She can work in proximity to coworkers, but not in a team or a cooperative effort. She can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

AR at 31. The Court addresses the ALJ's evaluation of each disputed medical opinion below.

#### 1. Legal Standards

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must

evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

### 2. State Agency Psychological Consultants

State Agency psychological consultants opined Plaintiff was moderately limited in her ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (5) work in coordination with or in proximity to others without being distracted; (6) complete a normal workday and workweek without interruptions from her symptoms and to perform at a consistent pace without unreasonable rest periods; (7) interact appropriately with the public; (8) accept instructions and respond appropriately to criticism from supervisors; and (9) get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR at 90-91, 100-01, 114-15. State Agency psychological consultants further opined Plaintiff would do best having limited time working with the general public and was capable of superficial contact with supervisors, coworkers, and others. *Id.* at 91, 101, 115.

The ALJ gave these opinions great weight because they were consistent with the medical evidence showing Plaintiff displayed a depressed and anxious mood, a restricted and dysphoric affect with sadness, and focus on psychological stressors. AR at 42 (citing *id.* at 736-53, 772-93,

1029-1135.) The ALJ concluded the findings were consistent with an individual who is limited to the degree determined by the State Agency psychological consultants. *Id.*

Plaintiff argues the ALJ failed to address the portions of the opinions that limited Plaintiff to only "superficial" interaction with supervisors, and instead determined Plaintiff could have "occasional" interactions with supervisors. (Dkt. # 10 at 4.) Plaintiff asserts "occasional" is a term of art which indicates Plaintiff could be in contact with supervisors up to a third of the workday, citing a residual functional capacity form defining "occasionally" as cumulatively one third or less of an eight-hour day. (*Id.* (citing AR at 112).) Plaintiff also cites to *Curtis M. v. Comm'r Soc. Sec.*, C18-5757-BAT (W.D. Wash Apr. 1, 2019) to assert a limitation to occasional contact only addresses the quantity of contact but not the depth or quality of contact. (*Id.* at 4-5.)

The Commissioner argues the RFC's limitation to occasional interaction with supervisors accounted for the State Agency psychological consultants' opinions. (Dkt. # 11 at 4.) In support of this argument, the Commissioner notes that Plaintiff testified that while she had difficulties dealing with other people, she also walked in public, traveled, and used public transportation. (*Id.* at 5 (citing AR at 30, 61).) The Commissioner also cites medical records that show Plaintiff displayed cooperative behavior. (*Id.*)

The Commissioner's argument is unpersuasive. The ALJ did find the State Agency psychological consultants' opinions consistent with the medical evidence, however, the RFC only accounts for the following limitations from those opinions "… [Plaintiff can] work in coordination with others, interact with the public, accept instructions and criticism …." AR at 41. The ALJ does not cite to the opined limitation that Plaintiff can only have superficial contact with supervisors. The ALJ also did not cite to Plaintiff's testimony in her evaluation of these opinions. The Court cannot affirm on grounds not articulated by the ALJ. *See Bray v. Comm'r of*

*Social Sec. Admin.,* 554 F.3d 1219, 1225–26 (9th Cir. f2009) (explaining that the court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking").

The Court agrees with Plaintiff that the ALJ failed to properly address the opined limitation of only superficial contact with supervisors. With regard to contact with others, the RFC determination specifically finds Plaintiff can only work in proximity to coworkers, but not in a team or a cooperative effort and that her interaction with the general public is limited to occasional incidental contact. AR at 31. These limitations provide not only the length of contact Plaintiff can have with the public and coworkers, but also the depth and quality of contact. Conversely, the RFC determination does not account for the opinion that Plaintiff is limited to jobs with only superficial contact with supervisors, other than the length of contact. Because the RFC assessment conflicts with the State Agency psychological consultants' opinions that the ALJ gave great weight, this matter is remanded for the ALJ to provide sufficient reasons for rejecting this limitation.

### 3. Tasmyn Bowes, Psy.D.

Dr. Bowes conducted a psychological evaluation of Plaintiff in July 2015. AR at 335-48. Dr. Bowes opined Plaintiff would have marked impairments in (1) communicating and performing effectively in a work setting; (2) maintaining appropriate behavior in a work setting; and (3) completing a normal work day and work week without interruptions from her psychologically based symptoms. *Id.* at 338-39. She also opined Plaintiff would have multiple moderate impairments including her ability to understand and remember instructions, adapt to change in a routine work setting, and making simple work-related decisions. *Id.* at 338. She also opined Plaintiff's impairments would last for twelve months. *Id.* at 339.

The ALJ discussed Dr. Bowes' normal findings during the evaluation and noted the only abnormal symptoms were depression, anxious mood, and distractibility. AR at 34. The ALJ also noted Plaintiff was assessed with major depressive disorder, PTSD, borderline personality traits, and possible ADHD. *Id*. The ALJ did not discuss Dr. Bowes' opined moderate and severe limitations. *Id.*

Plaintiff argues the ALJ erred failing to provide reasons for rejecting Dr. Bowes' opined limitations. (Dkt. #10 at 8; Dkt. # 12 at 3.) Plaintiff argues Dr. Bowes' opinion is relevant because although it was conducted seven months prior to the application date, Dr. Bowes opined Plaintiff's limitations would last twelve months. (Dkt. # 10 at 8; Dkt. # 12 at 4.) Plaintiff further argues Dr. Bowes opinion arises from the same impairments that the ALJ found to be severe and there is no evidence that those impairments changed in between the evaluation and benefits application date. (Dkt. # 12 at 4.)

The Commissioner argues the ALJ was not required to address Dr. Bowes' opinion because it predates the SSI application date. (Dkt. # 11 at 5-6.) The Commissioner also argues Plaintiff failed to identify any prejudice because the only abnormal symptoms Plaintiff exerted were depression, anxious mood, and distractibility. (*Id.* at 5-7.). The Commissioner's arguments are unpersuasive. Although Dr. Bowes' opinion predates the SSI application date, the opinion was provided after the alleged onset date of disability. Further, the ALJ did not cite this as a reason to reject Dr. Bowes' opined limitations. The Commissioner's argument also ignores Dr. Bowes' opinion that Plaintiff would have marked impairments in communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting, and completing a normal work day and work week without interruptions from her psychologically based

symptoms. Because this matter is being remanded for the ALJ to re-evaluate the opinions of State Agency psychological consultants, the ALJ should also reevaluate Dr. Bowes opinion.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the opinions of State Agency psychological consultants and Dr. Bowes, and redetermine Plaintiff's RFC as needed and proceed to step five as appropriate.

Dated this 27th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge